**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL J. MELTON, | ) | Case No. 15-33650-KRH |
| | ) | |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR ORDERS (A) ESTABLISHING
PROCEDURES FOR THE SALE OF THE DEBTOR'S ECONOMIC
INTEREST IN HAMA II, LLC AND (B) AUTHORIZING THE SALE
FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

Harry Shaia, Jr., Trustee (the "**Trustee**") for the estate (the "**Estate**") of Michael J. Melton (the "**Debtor**"), by counsel, pursuant to section 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), moves the Court for orders (A) establishing procedures for the sale of the Debtor's economic interest in HAMA II, LLC and (B) authorizing the sale of such interest free and clear of all liens, claims, and encumbrances and, in support thereof, states as follows:

**Background**

1. On July 21, 2015, the Debtor filed for relief in the above-captioned bankruptcy court (the "**Court**") pursuant to chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**").

Vogel &
Cromwell, L.L.C.

1

Christian K. Vogel  (Va. Bar No. 75537)
Vogel & Cromwell, L.L.C.
8550 Mayland Drive
Suite 204
Richmond, VA 23294
(804) 728-1574

Counsel for the Trustee

2. The Trustee was appointed interim Trustee in the case and continues to serve in that capacity.

3. On December 30, 2015, the Trustee filed his Trustee's Motion to Sell Property of the Estate [ECF 32] (the "**First Sale Motion**") seeking Court authority to sell the Debtor's 12.756% economic interest in HAMA II, LLC (the "**Membership Interest**")[1] to HAMA II, LLC for the purchase price of $15,000.00.

4. Subsequent to filing the First Sale Motion and before entry of an order approving the relief requested in the First Sale Motion, the Trustee received the Offer to Purchase attached hereto as Exhibit A (the "**Offer to Purchase**") for the purchase of the Membership Interest by QuickLiquidity, LLC, its subsidiary, or assignee ("**QuickLiquidity**").

5. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2)(A), (O) and 1334. Venue is proper pursuant to 28 U.S.C. § 1409.

**Proposed Sale**

6. Among the assets of the Estate is the Membership Interest.

7. HAMA II, LLC ("**HAMA**") owns a strip mall known as Bowles Farm Plaza, 7500 Jackson Arch Drive, Mechanicsville, VA 23111 (the "**Property**"). The appraised value of the Property is $4,000,000.00 based on an appraisal dated April 28, 2015, prepared by Donald Powers, Jr. with Integra Realty Resources.

8. The Property secures an obligation owed to the Bank of Hampton Roads in the amount of $2,974,110.86, which matures on May 15, 2016. See Proof of Claim No. 4.

Vogel & Cromwell, L.L.C.

---

[1] The Trustee is only seeking authority through this Motion to sell the Debtor's *economic* interest in HAMA II, LLC and is not seeking to or intending to sell any voting, management or other rights in HAMA II, LLC the Debtor may have or may have had.

2

Additionally, the other members of HAMA assert that HAMA owes approximately $225,000.00 to certain members, not including the Debtor, for loans made by such members to HAMA.

9. By letter dated December 16, 2015, David H. Creasy, CPA, HAMA's accountant, informed counsel for the Trustee that the Debtor is in default under the HAMA II, LLC Operating Agreement (the "**Operating Agreement**") by having failed to make certain required capital contributions totaling $26,148.99 (the "**Creasy Letter**"). The Creasy Letter further provided that interest in the amount of $11,242.97 has accrued on the unpaid capital contributions pursuant to the terms of the Operating Agreement.

10. Subject to Court approval and any higher bids pursuant to the bid procedures herein, the Trustee proposes to sell the Membership Interest to QuickLiquidity or the highest bidder for the purchase price of $20,000.00 or such higher bid amount to be paid within three (3) days of entry of any order of this Court approving such sale.

11. The Membership Interest will be conveyed to QuickLiquidity or the highest bidder "AS IS, WHERE IS, WITH ALL FAULTS," with no representations or warranties whatsoever expressed or implied.

**Proposed Bid Procedures**

12. The Trustee intends to conduct an auction in which he will consider higher and better offers than that proposed in the Offer to Purchase on terms and conditions similar to those set forth in the Offer to Purchase. To facilitate those efforts, the Trustee requests that the Court establish the following bid procedures (the "**Bid Procedures**"):

  a. Access to Information. To access available information relevant to the Membership Interest, please contact counsel for the Trustee.

  b. Qualifying Bids. In order to participate in the bidding process and auction, each bidder must submit to counsel for the Trustee a "Qualifying Bid" in writing by February 19, 2016. To be a Qualifying Bid, such bid must be in writing, fully

Vogel & Cromwell, L.L.C.

3

disclose the identity of the party or parties bidding on the Membership Interest, be in cash in the minimum amount of $22,000.00, and contain evidence satisfactory to the Trustee that the bidder is reasonably likely and able to timely consummate a purchase of the Membership Interest. The Offer to Purchase constitutes a Qualifying Bid for purposes of QuickLiquidity's participation in any auction and these bid procedures.

c. Auction. In the event there is a Qualifying Bid in addition to the Offer to Purchase, The Trustee will conduct an auction by phone of the Membership Interest to determine the highest and otherwise best bid on February 22, 2016 at 2:00 p.m. (the "**Auction**").[2] All parties that have submitted a Qualifying Bid ("**Qualifying Bidders**") may submit successive bids in increments of at least $2,000.00. The Auction shall continue until there is only one offer that the Trustee determines, subject to Court approval, is the highest or best offer (the "**Successful Bid**"). If at any time during the Auction an overbid is not received within twenty (20) minutes of the current highest bid, the Trustee may conclude the auction with the highest bid at that time. The Trustee is authorized to waive or modify requirements of the bid procedures in order to maximize the value received for the Membership Interest.

d. Break-Up Fee. If approved by the Court, QuickLiquidity shall be entitled to a break-up fee of $1,000.00 from sale proceeds received by the Trustee if QuickLiquidity does not submit the Successful Bid (the "**Break-Up Fee**"). No other party shall be entitled to a Break-Up Fee or other similar bid protection.

e. Sale Hearing. A hearing to approve the Successful Bid will be held on February 24, 2016 at 12:00 p.m. in the United States Bankruptcy Court, 701 East Broad Street, Courtroom 5000, Richmond, Virginia 23219 (the "**Sale Hearing**"). The Sale Hearing may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing. If the Trustee does not receive any Qualified Bid other than the Offer to Purchase, the Trustee will report the same at the Sale Hearing and request that the Court approve the sale of the Membership Interest to QuickLiquidity pursuant to the Terms of the Offer to Purchase.

f. Disclaimer. By submitting the Offer to Purchase or a Qualified Bid, each such submitting party agrees that (1) the Trustee, his counsel, and the Debtor make no warranty or representation, express or implied, or arising by operation of law, with respect to the Membership Interest; (2) each party is bidding and potentially purchasing the Membership Interest based on its own investigations, and, by accepting title to the Membership Interest, shall be deemed to acknowledge that it has conducted such investigation as it has deemed necessary or advisable and that it is not relying upon any representations of the Trustee, his counsel, or the Debtor; and (3) the materials and information concerning the Membership Interest provided by the Trustee, his counsel and the Debtor is based in part upon information and materials obtained from

Vogel & Cromwell, L.L.C.

---

[2] Qualifying Bidders do not have to be represented by counsel to participate in the Auction.

4

sources deemed reliable without independent verification, therefore, parties must not base their bids upon information disseminated by the Trustee, his counsel or the Debtor, but shall rely solely on their own investigation, due diligence, estimates and studies.

13. The proposed Bid Procedures are designed to attract the highest and best offers for the Membership Interest. Further, the Trustee submits that the proposed Bid Procedures are fair and reasonable under the circumstances of this case and are reasonably calculated to induce any potentially interested parties to submit competitive offers for the Membership Interest, thereby ensuring that the maximum value is recovered for the Debtor's estate.

### Sale Notice

14. The Trustee proposes to serve a copy of any order approving the Bid Procedures (the "**Bid Procedures Order**"), which will include any approved bid procedures, to (a) the Office of the United States Trustee for the Eastern District of Virginia, (b) all of the Debtor's creditors pursuant to Bankruptcy Rule 2002; (c) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (d) all current members of HAMA II, LLC; and (e) HAMA II, LLC (collectively, the "**Notice Parties**") within three (3) days of entry of any order approving this Motion.

### Relief Requested

15. Accordingly, the Trustee request (i) the entry of the Bid Procedures Order, substantially in the form attached hereto as Exhibit B, approving and establishing the Bid Procedures, scheduling the Sale Hearing, and approving the procedure for providing notice of the sale, and (ii) the entry of an order approving the sale of the Membership Interest and related relief at the Sale Hearing.

Vogel & Cromwell, L.L.C.

5

**Argument**

A. <u>Approval of the Sale is Appropriate</u>

16. Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is authorized to sell property of the estate. The sale of the Membership Interests will benefit the Estate and is in the best interest of the Estate and its creditors.

B. <u>The Sale Satisfies the Requirements of Section 363(f)</u>

17. The Trustee submits that a sale free and clear of all liens, security interests, claims, charges, options and interests thereon and there against (collectively, the "**Interests**") is appropriate under the circumstances because any Interest that may asserted against the Membership Interest will be subject to a bona fide dispute as the Debtor has not scheduled any such Interest and the Trustee is not otherwise aware of any such valid Interest against the Membership Interest. *See* 11 U.S.C. § 363(f)(d).

18. The Trustee does not believe that obligations of the Debtor for unpaid capital contributions, as identified in the Creasy Letter or otherwise, or guaranty of debts of HAMA would constitute a lien or encumbrance on the Membership Interest. However, for the avoidance of doubt and to satisfy certain contingencies in the Offer to Purchase, the Trustee requests that any order approving the sale provide that such sale is specifically free and clear of any claim for unpaid capital contributions by the Debtor and any guaranty by the Debtor of HAMA's obligations.

C. <u>The Successful Bidder Will Be a Good Faith Purchaser</u>

19. The Trustee believes that the Successful Bidder will be a buyer in good faith of the Membership Interest under section 363(m) of the Bankruptcy Code and, as such, will be entitled to the protections afforded thereby.

Vogel & Cromwell, L.L.C.

6

20. The Successful Bidder will provide substantial value for the Membership Interest and, to the Trustee's knowledge, no adverse claims exist with respect to the Membership Interest. Further, because of the public test of the value of the Membership Interest through the Bid Procedures, the Trustee submits that the Successful Bidder will not have engaged in any misconduct hat would destroy a purchaser's good faith status.

D. The Bid Procedures Should Be Approved

21. The proposed Bid Procedures will assist the Trustee in maximizing the return for the Debtor's assets by providing for a potentially competitive auction.

22. The Trustee submits that the Bid Procedures will not chill bidding, are reasonable, and their approval will enable the Trustee to maximize the value of the Membership Interest. Thus, the Bid Procedures should be approved.

E. The Requested Break-Up Fee is Appropriate and Necessary

23. The Offer to Purchase requires the repayment of $1,000.00 break-up fee in the event QuickLiquidity is not the Successful Bidder (the "**Break-Up Fee**"). The Offer to Purchase is contingent on the Court's approval of the Break-Up Fee.

24. Quickliquidity has offered $5,000.00 more for the Membership Interest than the offer identified in the First Sale Motion. Under the Bid Procedures, if QuickLiquidity is not the Successful Bidder, it will have brought value to the Estate of at least $6,000.00 after payment of the Break-Up Fee. The Trustee believes it is appropriate to reimburse Quickliquidity $1,000.00 for its time and expense in performing due diligence on the Membership Interest. Additionally, the Trustee believes the Break-Up Fee was necessary to bring additional value of at least $5,000.00 for the Membership Interest to the Estate.

Vogel & Cromwell, L.L.C.

F.  Abrogation of the Fourteen-Day Stay

25. Bankruptcy Rule 6004(h) provides, "An order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  The Trustee submits that, given the nature of the proposed sale and QuickLiquidity's desire to close quickly upon entry of an order approving the sale, cause exists for the Court to exercise its discretion and abrogate the 14-day stay provided for by Rule 6004(h).

**Notice**

26. The Trustee has provided notice of this Motion to the Notice Parties.  In addition, the Trustee proposes to serve a copy of the Bid Procedures Order as set forth in paragraph 14 above.  In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

WHEREFORE, the Trustee respectfully requests that the Court (i) enter the Bid Procedures Order substantially in the form attached hereto as <u>Exhibit B</u>, (ii) following the Sale Hearing, enter an order approving the sale, and (iii) grant the Trustee such further relief as is just and equitable.

HARRY SHAIA, JR., TRUSTEE

/s/ Christian K. Vogel
Counsel

Christian K. Vogel (Va. Bar No. 75537)
Vogel & Cromwell, L.L.C.
8550 Mayland Drive
Suite 204
Richmond, VA 23294
(804) 728-1574
    Counsel for the Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2016, a true and correct copy of this Trustee's Motion for Orders (A) Establishing Procedures for the Sale of Debtor's Economic Interest in HAMA II, LLC and (B) Authorizing the Sale Free and Clear of All Liens, Claims, and Encumbrances was sent by first-class mail, postage prepaid or electronic delivery to all creditors identified on the attached table and to the following:

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
  *Assistant U.S. Trustee*

Michael J. Melton
8438 Pheasant Court
Ashland, Virginia 23005

David Edward Noll, Esq.
Cravens & Noll, P.C.
Suite 200
Richmond, VA 23236
  *Counsel for Debtor*

Bernard Meyer, Jr., Esq.
MeyerGoergen P.C.
1802 Bayberry Court, Suite 200
Richmond, Virginia 23226

Mr. Larry Giannasi
P.O. Box 1555
Mechanicsville, VA 23116

William Wood
605 Cross Ridge Lane
Manakin Sabot, Virginia 23103

David H. Creasy, CPA
2214 Westwood Avenue
Richmond, Virginia 23230

HAMA II, LLC
c/o Bernard Meyer, Jr., Esq.
MeyerGoergen P.C.
1802 Bayberry Court, Suite 200
Richmond, Virginia 23226


/s/ Christian K. Vogel
Counsel

Vogel & Cromwell, L.L.C.

9

Wells Fargo Bank, N.A.
501 Independence Parkway, Suite 203
Chesapeake, VA 23320-5174

AT&T
P. O. Box 10330
Fort Wayne, IN 46851-0330

Adam Wener
7401 Count Fleet Drive
Midlothian, VA 23112-6401

BB&T Bankruptcy Section
100-50-01-51
P. O. Box 1847
Wilson, NC 27894-1847

Barclays Bank Delaware
Attn: Bankruptcy
P. O. Box 8801
Wilmington, DE 19899-8801

Bernard Meyer, Jr., Esquire
5241 Monument Ave., 2A
Richmond, VA 23226-1427

Branch B & T
P. O. Box 2306
Wilson, NC 27894-2306

Card Services
P. O. Box 13337
Philadelphia, PA 19101-3337

Crossridge Ventures, LLC
10160 Staples Mill Road
Glen Allen, VA 23060-3447

Directv, LLC
Attn: Bankruptcies
P. O. Box 650
Greenwood Village, CO 80155-6550

Dominion Virginia Power
P. O. Box 26666
18th Floor
Richmond, VA 23261-6666

Dominion Virginia Power
P. O. Box 26543
Richmond, VA 23290-0001

HAMA LLC
5241 Monument Ave., #2A
Richmond, VA 23226-1427

Hampton Roads Bankshares
112 Corporate Drive
Elizabeth /city, NC 27909-7027

Hughes Net
P. O. Box 96874
Chicago, IL 60693-6874

IRS
P. O. Box 7346
Philadelphia, PA 19101-7346

Online Collections
P. O. Box 1489
Winterville, NC 28590-1489

R. Andrew Kestner
10160 Staples Mill Road
Glen Allen, VA 23060-3447

SONA Bank
6830 Old Dominion Drive
McLean, VA 22101-6035

Shapiro & Burson
10021 Balls Ford Road
Suite 200
Manassas, VA 20109-2666

The Bank of Hampton Roads
Attn: Jacqueline Byers
641 Lynnhaven Parkway
Virginia Beach VA 23452-7307

USAA Savings Bank
c/o Weinstein & Riley, PS
2001 Western Ave., Suite 400
Seattle, WA 98121-3132

USAA Savings Bank
10750 McDermott
San Antonio, TX 78288-1600

Verizon
P. O. Box 660720
Dallas, TX 75266-0720

Village Bank
13531 Midlothian T
Midlothian, VA 23113-4261

Wells Fargo Bank, N.A.
P. O. Box 31557
Billings, MT 59107-1557

Wells Fargo Bank, N/A
Wells Fargo Home Mortgage Americas Servicing
Attn: Bankruptcy Department
Mac X7801-014
3476 Stateview Blvd.
Fort Mill, SC 29715-7203

Wells Fargo Home Mortgage
8480 Stagecoach Cir.
Frederick, MD 21701

William Wood
605 Cross Ridge Lane
Manakin Sabot, VA 23103-3158

Harry Shaia, Jr., Esquire
Spinella, Owings & Shaia, P.C.
8550 Mayland Drive
Richmond, VA 23294-4704

Judy A. Robbins, U.S. Trustee
Office of the U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, VA 23219-1849

Michael J. Melton
8438 Pheasant Court
Ashland, VA 23005-7867

Robert B. Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

David E. Noll, Esquire
Cravens & Noll, P.C.
9011 Arboretum Parkway
Suite 200
Richmond, VA 23236-3486

Bernard Meyer, Jr., Esquire
MeyerGoergen, P.C.
1802 Bayberry Court
Suite 200
Richmond, VA 23226

Larry Giannasi
P. O. Box 1555
Mechanicsville, VA 23116-0001

William Wood, Esquire
Batzli Stiles Butler
3957 Westerre Parkway
Suite 400
Richmond, VA 23233

David H. Creasy, CPA
2214 Westwood Ave.
Richmond, VA 23230

# **EXHIBIT A**

Vogel &
Cromwell, L.L.C.

January 12, 2016                                                    QuickLiquidity

Christian K. Vogel
Counsel for the Trustee
Vogel & Cromwell, L.L.C.
8550 Mayland Drive Suite 204
Richmond, VA 23294
(804) 728-1574

RE:   Bankruptcy Case Michael J. Melton. Case No.: 15-33650-KRH.
      Bankruptcy Estate's 12.756% interest in HAMA II, LLC.

Dear Mr. Vogel:

This Letter Agreement is an Offer to Purchase the above referenced partnership interest ("Property") from the Trustee of the Bankruptcy of Michael J. Melton. ("Seller"). This Letter Agreement provides the terms and conditions under which QuickLiquidity, LLC or assignee, ("Buyer") would purchase the Property.

| | |
|---|---|
| Purchase Price: | $20,000.00 |
| Source of Financing: | All Cash |
| Bankruptcy Court Approval: | A motion seeking Bankruptcy Court approval is required within five (5) business days following the execution of this Letter Agreement. Seller shall file the motion, in a form reasonably satisfactory to Buyer, seeking Bankruptcy Court approval of the sale of all right, title and interest of the Trustee in and to the Property (the "Sale Motion"). The Sale Motion shall incorporate this Letter Agreement and the bidding terms reflected herein. The Sale Motion shall request hearing, upon proper notice, and shall contain provisions relative to the payment of the breakup fee in the event an entity other than Buyer purchases the property during the court approval process utilizing the bidding procedures set forth herein. |
| Breakup Fee: | $1,000.00, payable from the deposit of the successful bidder. |

| | |
|---|---|
| Bidding Procedures: | Seller shall have a marketing period to solicit other offers up to and including the date set for hearing on the Sale Motion. No other offer shall be considered unless it is $22,000.00 or more. If Seller receives an offer of $22,000.00 or more, all subsequent offers shall be at least $2,000.00 in excess of the prior offer. |
| Proposed Timing: | Buyer to close within three (3) days of entry of an Order confirming the final sale. |
| Other Terms: | This offer does not include an agreement to assume any of the guaranties or indemnities given in connection with the loans to the real property, companies, or partnerships. Consequently, this offer is conditioned upon there being no such assumption of the existing guaranties/indemnities, including any outstanding unpaid capital call liabilities. Sale is "as-is, where-is" with no warranties express or implied. Any rights of first refusal in the operating agreement is not enforceable. |

If these basic terms and conditions are acceptable to you, please indicate so by signing on the line provided below and returning an executed copy of this letter to me by 5:00 P.M. EST on January 13th, 2016.

Please call me directly at (561) 221-0881 x102 if you have any questions. We look forward to working with you.

Sincerely,
QuickLiquidity, LLC

*[signature]*

By: A. Yoni Miller
Its: Principal

Accepted:

_____
Christian K. Vogel, Counsel for the Trustee of Chapter 7 Case of Michael J. Melton

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re: ) | |
| ) | |
| MICHAEL J. MELTON, ) | Case No. 15-33650-KRH |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER (A) ESTABLISHING PROCEDURES FOR THE
SALE OF THE DEBTOR'S ECONOMIC INTEREST IN
HAMA II, LLC AND (B) GRANTING RELATED RELIEF**

Upon consideration of the Trustee's Motion for Order (A) Establishing Procedures for the Sale of the Debtor's Economic Interest in HAMA II, LLC and (B) Authorizing the Sale Free and Clear of All Liens, Claims and Encumbrances (the "**Motion**"), and it appearing that notice of the Motion is appropriate under the circumstances and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Debtor's estate, his creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefore;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Vogel &
Cromwell, L.L.C.

---

Christian K. Vogel (Va. Bar No. 75537)
Vogel & Cromwell, L.L.C.
8550 Mayland Drive
Suite 204
Richmond, VA 23294
(804) 728-1574

Counsel for the Trustee

B.   Notice of the Motion having been given to the Notice Parties (as defined below) is sufficient in light of the circumstances and the nature of the relief requested herein.

C.   The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including, without limitation: (i) approving the Bid Procedures; (ii) scheduling a Sale Hearing; and (iii) approving the form of notice of the sale.

D.   The Bid Procedures identified below are reasonably calculated to provide an orderly sale process. Additionally, the Bid Procedures ensure that the maximum value is recovered for the Debtor's estate.

E.   Service of this Order on the Notice Parties (as defined below) is reasonably calculated to provide all interested parties with timely and proper notice of the Bid Procedures and sale.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   The relief requested in the Motion is granted to the extent set forth herein.

2.   The following Bid Procedures are hereby approved and shall apply with respect to the sale of the Membership Interest:

  a.   Access to Information. To access available information relevant to the Membership Interest, please contact counsel for the Trustee.

  b.   Qualifying Bids. In order to participate in the bidding process and auction, each bidder must submit to counsel for the Trustee a "Qualifying Bid" in writing by February 19, 2016. To be a Qualifying Bid, such bid must be in writing, fully disclose the identity of the party or parties bidding on the Membership Interest, be in cash in the minimum amount of $22,000.00, and contain evidence satisfactory to the Trustee that the bidder is reasonably likely and able to timely consummate a purchase of the Membership Interest. The Offer to Purchase constitutes a Qualifying Bid for purposes of QuickLiquidity's participation in any auction and these bid procedures.

Vogel & Cromwell, L.L.C.

2

    c. <u>Auction.</u> In the event there is a Qualifying Bid in addition to the Offer to Purchase, The Trustee will conduct an auction by phone of the Membership Interest to determine the highest and otherwise best bid on February 22, 2016 at 2:00 p.m. (the "**Auction**").[1] All parties that have submitted a Qualifying Bid ("**Qualifying Bidders**") may submit successive bids in increments of at least $2,000.00. The Auction shall continue until there is only one offer that the Trustee determines, subject to Court approval, is the highest or best offer (the "**Successful Bid**"). If at any time during the Auction an overbid is not received within twenty (20) minutes of the current highest bid, the Trustee may conclude the auction with the highest bid at that time. The Trustee is authorized to waive or modify requirements of the bid procedures in order to maximize the value received for the Membership Interest.

    d. <u>Break-Up Fee.</u> If approved by the Court, QuickLiquidity shall be entitled to a break-up fee of $1,000.00 from sale proceeds received by the Trustee if QuickLiquidity does not submit the Successful Bid (the "**Break-Up Fee**"). No other party shall be entitled to a Break-Up Fee or other similar bid protection.

    e. <u>Sale Hearing.</u> A hearing to approve the Successful Bid will be held on February 24, 2016 at 12:00 p.m. in the United States Bankruptcy Court, 701 East Broad Street, Courtroom 5000, Richmond, Virginia 23219 (the "**Sale Hearing**"). The Sale Hearing may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing. If the Trustee does not receive any Qualified Bid other than the Offer to Purchase, the Trustee will report the same at the Sale Hearing and request that the Court approve the sale of the Membership Interest to QuickLiquidity pursuant to the Terms of the Offer to Purchase.

    f. <u>Disclaimer.</u> By submitting the Offer to Purchase or a Qualified Bid, each such submitting party agrees that (1) the Trustee, his counsel, and the Debtor make no warranty or representation, express or implied, or arising by operation of law, with respect to the Membership Interest; (2) each party is bidding and potentially purchasing the Membership Interest based on its own investigations, and, by accepting title to the Membership Interest, shall be deemed to acknowledge that it has conducted such investigation as it has deemed necessary or advisable and that it is not relying upon any representations of the Trustee, his counsel, or the Debtor; and (3) the materials and information concerning the Membership Interest provided by the Trustee, his counsel and the Debtor is based in part upon information and materials obtained from sources deemed reliable without independent verification, therefore, parties must not base their bids upon information disseminated by the Trustee, his counsel or the Debtor, but shall rely solely on their own investigation, due diligence, estimates and studies.

Vogel & Cromwell, L.L.C.

---

[1] Qualifying Bidders do not have to be represented by counsel to participate in the Auction.

3

3. The Trustee is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

4. All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Membership Interest.

5. The Court shall conduct the Sale Hearing on February 24, 2016 at 12:00 p.m., at which time, the Court will consider approval of the sale to the Successful Bidder.

6. Objections to approval of the sale of the Membership Interest, including the sale of the Membership Interest free and clear of liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code, must be in writing and filed with this Court and served upon counsel for the Trustee, Vogel & Cromwell, L.L.C., 8550 Mayland Drive, Suite 204, Richmond, VA 23294, Attn: Christian K. Vogel; so as to be received by such parties on or before February 17, 2016.

7. All objections to the relief requested in the Motion with respect to the Bid Procedures that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion, are overruled except as otherwise set forth herein.

8. The Break-Up Fee is hereby approved and is reasonable and necessary in light of the benefit to the estate brought by the Offer to Purchase. No bidder is entitled to any other breakup, termination, or similar fee or any other expense reimbursement and all parties placing bids waive any right to seek a claim for substantial contribution.

9. Service of this Order on the Notice Parties (as defined below) provides proper notice of all parties in interest.

Vogel &
Cromwell, L.L.C.

4

10. Within three (3) days of the entry of this Order, the Trustee shall serve by first class mail, postage prepaid, copies of this Order upon the following entities: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) all creditors pursuant to Bankruptcy Rule 2002; (c) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (d) all members of HAMA II, LLC; and (e) HAMA II, LLC (collectively, the "**Notice Parties**").

11. The Trustee shall sell the Membership Interest to the Successful Bidder upon approval of the Successful Bid by the Bankruptcy Court after the Sale Hearing. The Trustee will be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing, to be held before the Honorable Kevin R. Huennekens, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, at 701 East Broad Street, Courtroom 5000, Richmond, Virginia 23219 on February 24, 2016 at 12:00 p.m., or as soon thereafter as counsel may be heard.

12. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bid Procedures.

ENTERED:

United States Bankruptcy Judge

I ASK FOR THIS:

Christian K. Vogel (Va. Bar No. 75537)
Vogel & Cromwell, L.L.C.
8550 Mayland Drive
Suite 204
Richmond, VA 23294
(804) 728-1574
    Counsel for the Trustee

Vogel &
Cromwell, L.L.C.

5

## LOCAL RULE 9022-1 CERTIFICATION

Pursuant to LBR 9022-1, I hereby certify that a true copy of the foregoing Order was endorsed by or served upon all necessary parties.

_____

SERVICE LIST

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
    Assistant U.S. Trustee

Michael J. Melton
8438 Pheasant Court
Ashland, Virginia 23005

David Edward Noll, Esq.
Cravens & Noll, P.C.
Suite 200
Richmond, VA 23236
    Counsel for Debtor

Bernard Meyer, Jr., Esq.
MeyerGoergen P.C.
1802 Bayberry Court, Suite 200
Richmond, Virginia 23226

Mr. Larry Giannasi
P.O. Box 1555
Mechanicsville, VA 23116

William Wood
605 Cross Ridge Lane
Manakin Sabot, Virginia 23103

David H. Creasy, CPA
2214 Westwood Avenue
Richmond, Virginia 23230

Vogel &
Cromwell, L.L.C.

6